# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAJAH JORDAN<br>5506 Jane Street<br>Philadelphia, PA 19138<br><br>      Plaintiff,<br><br>   v.<br><br>CHILDREN'S HOSPITAL OF<br>PHILADELPHIA<br>3401 Civic Center Blvd<br>Philadelphia, PA 19104<br><br>      Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Najah Jordan (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Children's Hospital of Philadelphia (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress Defendant's violations of the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the Family and Medical Leave Act ("FMLA"). In essence, Defendant fired Plaintiff because of her disability and/or in retaliation for her complaints of disability discrimination and/or need for an accommodation in the form of an intermittent medical leave due to her disability and/or her application for medical leave pursuant to the FMLA. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28

1

U.S.C. § 1331 because the claims herein arise under laws of the United States, the FMLA and the ADA. This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff has exhausted all administrative remedies required as a prerequisite to the filing of the instant claims.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a corporate entity that operates its principal place of business at the address set forth in the caption.

9. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Plaintiff suffers from Epilepsy (hereinafter Plaintiff's "disability").

12. As a result of Plaintiff's disability, Plaintiff suffers from symptoms, including but

not limited to, light-induced seizures, migraines, and severe fatigue.

13. Due to her disability, Plaintiff must avoid bright lights and/or other seizure triggers.

14. Whenever Plaintiff has a seizure lasting more than two minutes, she must seek medical care at a hospital emergency room; whenever Plaintiff has a seizure lasting less than two minutes, she must wait until the seizure passes and immediately take medication prescribed by her physician.

15. In or around July 2014, Defendant hired Plaintiff as a Purchasing Assistant for its Supply Chain Department.

16. Upon her hire, Plaintiff disclosed her disability to Defendant.

17. Plaintiff also disclosed to Defendant that her disability caused severe fatigue and created difficulty waking up early in the mornings.

18. At the time she disclosed her disability, Plaintiff's manager, Regina Council (hereinafter "Manager Council"), agreed that if Plaintiff arrived to work by 9:30 a.m., Plaintiff would not be considered late.

19. As a result of the above accommodation, Plaintiff was never considered "late" for arriving to work by 9:30 a.m. and Plaintiff's attendance was never an issue.

20. Additionally, Plaintiff never received any write-ups or disciplinary actions from Defendant related to attendance.

21. In or around October 2015, Respondent hired a new manager, Christine Tilson (hereafter "Manager Tilson"), to replace Manager Council.

22. Shortly thereafter, Manager Tilson began to harass Plaintiff due to her disability.

23. On or around June 17, 2016, Manager Tilson issued Plaintiff a write-up for being late to work, when Plaintiff arrived to work after 8:30 a.m. but before 9:30 a.m.

24. Plaintiff explained to Manager Tilson that her disability caused her severe fatigue.

25. Furthermore, Plaintiff told Manager Tilson that Manager Council previously granted her an accommodation to arrive to work by 9:30 a.m. without being considered late.

26. Manager Tilson told Plaintiff that she must arrive by 8:45 a.m. to be considered on time, thereby refusing to honor the accommodation Defendant had previously given to Plaintiff.

27. On or around July 21, 2016, a morning that Plaintiff was suffering from symptoms related to her disability, Manager Tilson issued Plaintiff another write-up for arriving after 8:45 a.m. but before 9:30 a.m.

28. In response to Manager Tilson's discipline, Plaintiff again asked if she could have until 9:30 a.m. to arrive to work as an accommodation for her disability.

29. Despite Plaintiff's request for the same accommodation she was previously granted, Manager Tilson denied Plaintiff's request.

30. Manager Tilson again told Plaintiff that she must arrive to work by 8:45 a.m.

31. On or around September 23, 2016, Manager Tilson issued Plaintiff a write up for arriving to work after 8:45 a.m. but before 9:30 a.m.

32. Plaintiff explained to Manager Tilson that she was suffering from symptoms related to her disability and Plaintiff, for the third time, requested a later arrival time due to her disability.

33. Manager Tilson again denied Plaintiff's request.

34. On or around December 16, 2016, Manger Tilson issued Plaintiff a write-up for arriving to work after 8:45 a.m. but before 9:30 a.m.

35. Plaintiff again explained to Manager Tilson that she was suffering from the symptoms related to her disability.

36. At no point did Defendant inform Plaintiff of her right to leave for her medical

condition under the Family and Medical Leave Act (hereinafter "FMLA").

37. In or around mid-July 2017, Plaintiff complained to Defendant's Human Resources Department about Manager Tilson's repeated harassment regarding Plaintiff's disability.

38. Plaintiff received no response from Defendant, with the exception of Manager Tilson again repeating Defendant's refusal to provide an accommodation related to Plaintiff's disability.

39. In or around the morning of July 20, 2017, Plaintiff, without receiving any notice regarding her rights under the FMLA, applied for intermittent medical leave.

40. Defendant immediately approved Plaintiff's application for FMLA.

41. In or around the afternoon of July 20, 2017, Defendant's Human Resources Representative, John (Last Name Unknown) (hereinafter "HR John"), called Plaintiff and fired her.

42. HR John informed Plaintiff that she was fired for tardiness.

43. Prior to Manager Tilson's hire, Plaintiff was never written up for tardiness.

44. Defendant's stated reason for Plaintiff's termination is pretextual.

45. In reality, Defendant fired Plaintiff because of her disability, need for an accommodation, need for protected medical leave, and/or because of her complaints of disability discrimination.

46. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT I
### Violations of the ADA
**(Disability Discrimination)**

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. At all times relevant herein, Defendant is and continues to be an "employer"

within the meaning of the ADA.

49. At all times relevant herein, Plaintiff was an employed by Defendant as an "employee" within the meaning of the ADA.

50. Discrimination against an employee because an employee has a disability constitutes disability discrimination under the ADA.

51. The ADA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability.

52. Defendant violated Plaintiff's rights under the ADA by firing Plaintiff at least in part because she suffers from a disability and/or because Defendant perceived Plaintiff as suffering from a disability.

53. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
### Violation of the ADA
### (Disability Harassment)

54. The foregoing paragraphs are incorporated herein as if set forth in full.

55. The ADA prohibits employers, such as Defendant, from harassing an employee on the basis of a disability.

56. Defendant violated Plaintiff's rights under the ADA because Defendant harassed Plaintiff and fired Plaintiff at least in part because she suffers from a disability.

57. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

### COUNT III
### Violations of the ADA
### (Failure to Accommodate)

58. The foregoing paragraphs are incorporated herein as if set forth in full.

59. Plaintiff requested and/or accepted an accommodation from Defendant in the form of a modified work schedule due to her disability.

60. Defendant could have granted Plaintiff the accommodation without undue hardship but failed to do so.

61. Defendant violated the ADA when it failed to provide a reasonable accommodation for Plaintiff's disability.

62. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

### COUNT IV
### Violations of the ADA
### (Retaliation)

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. Plaintiff requested and/or accepted an accommodation in the form of a modified work schedule due to her disability.

65. Requesting and using an accommodation for a disability is a protected activity under the ADA.

66. Defendant fired Plaintiff because she requested and/or used the accommodation.

67. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

### COUNT V
### Violations of the PHRA
### (Disability Discrimination)

68. The foregoing paragraphs are incorporated herein as if set forth in full.

69. At all times relevant, Plaintiff's disability rendered her an individual with a

disability under the PHRA.

70. At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

71. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the PHRA.

72. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PHRA.

73. The PHRA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability.

74. Defendant violated Plaintiff's rights under the PHRA because Defendant fired Plaintiff at least in part because she suffered from a disability and/or because Defendant perceived Plaintiff as suffering from a disability.

75. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

### COUNT VI
### Violations of the PHRA
### (Disability Harassment)

76. The foregoing paragraphs are incorporated herein as if set forth in full.

77. The PHRA prohibits employers, such as Defendant, from harassing an employee on the basis of a disability.

78. Defendant violated Plaintiff's rights under the PHRA because Defendant harassed Plaintiff and fired Plaintiff at least in part because she suffered from a disability.

79. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VII
## Violations of the PHRA
### (Failure to Accommodate)

80. The foregoing paragraphs are incorporated herein as if set forth in full.

81. Plaintiff was in need of a reasonable accommodation for her disability in the form of an adjusted arrival time to work.

82. Defendant could have granted Plaintiff an accommodation without undue hardship but failed to do so.

83. Defendant's conduct constitutes retaliation pursuant to the PHRA and has caused Plaintiff to suffer damages.

## COUNT VIII
## Violations of the PHRA
### (Retaliation)

84. The foregoing paragraphs are incorporated herein as if set forth in full.

85. Plaintiff requested an accommodation in the form of a modified work schedule due to her disability.

86. Defendant fired Plaintiff because she requested the accommodation.

87. Defendant's conduct constitutes retaliation pursuant to the PHRA and has caused Plaintiff to suffer damages.

## COUNT IX
## Violations of the FMLA
### (Interference)

88. The foregoing paragraphs are incorporated herein as if set forth in full.

89. Plaintiff was an eligible employee under the definitional terms of the FMLA.

90. Plaintiff requested intermittent FMLA leave because of her serious medical condition.

91. As of July 2015, Plaintiff was employed with Defendant for at least twelve (12) months.

92. Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) month period that preceded her leave.

93. Defendant interfered with Plaintiff's rights under the FMLA by failing to provide her with notice of her rights under the FMLA to treat her disability.

94. Defendant's failure to provide Plaintiff with notice of her rights to treat her disability under the FMLA prejudiced Plaintiff.

95. Defendant interfered with Plaintiff's rights under the FMLA by firing Plaintiff because she had requested intermittent FMLA leave and/or to prevent her from taking further leave.

96. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT X
## Violations of the FMLA
## (Retaliation)

97. The foregoing paragraphs are incorporated herein as if set forth in full.

98. Defendant retaliated against Plaintiff for requesting and/or taking intermittent FMLA leave by firing her for requesting same.

99. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA qualifying leaves and/or their health conditions;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole

for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost and future lost earnings;

C.     Plaintiff is to be awarded liquidated damages (as provided by the FMLA) and/or punitive damages (as provided by applicable law) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law.

F.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Richard Swartz*
Richard S. Swartz, Esq.
Carley A. Doyle, Esq.
1101 North King Highway, Suite 402
Cherry Hill, NJ 08034
Ph: (856) 685-7420
Fax: (856) 685-7417
Email: rswartz@swartz-legal.com
*Attorneys for Plaintiff*

Dated: June 21, 2018